UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:17-CV-334-JRG-HBG ) ) |
| TININ CONTRACTING COMPANY, INC., ROCKY POINT ROCK QUARRY, INC., and JAMES THOMAS TININ, | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the District Court's Order of Referral [Doc. 23]. Now before the Court are Plaintiff's Motions for Default Judgment [Docs. 20, 21, 22].

For the reasons more fully explained below, the Court **RECOMMENDS** that the Motions for Default Judgment [**Docs. 20, 21, 22**] be **GRANTED**. Accordingly, the Court **RECOMMENDS** that a default judgment in the amount of $114,998.96, plus post-judgment interest and costs of this action, be entered in Plaintiff's favor.

### I. BACKGROUND

The following facts are taken from the Complaint. On April 14, 2015, the parties entered into a General Indemnity Agreement ("the Agreement") as a condition of Plaintiff's issuance of surety bonds. [Doc. 1 p. 3]; *see also* [Doc. 1-1]. In pertinent part, the Agreement contained language detailing the parties' rights and responsibilities regarding indemnification, breach, waiver, loss, and liability. [Doc. 1 p. 3–6]. Per the Agreement, Plaintiff issued a payment bond

on behalf of Defendant Tinin Contracting Company, Inc. ("Tinin Contracting") relative to an agreement between Defendants and Lawrence County, Tennessee for a project known as the "Lawrence County 2014 CDBG Water Line Extensions." [*Id.* at 7].

Then, on September 19, 2016, Consolidated Pipe & Supply Co., Inc. ("Consolidated") asserted a claim against the payment bond in the amount of $123,376.11 for materials furnished to Defendants for use on the project. [*Id.*]. Plaintiff informed Defendants of the payment bond claim asserted by Consolidated, and further notified Defendants on February 28, 2017 that it would pay the balance of the payment bond claim by March 15, 2017 if the claim was not otherwise resolved, and would subsequently seek to indemnify Defendants. [*Id.* at 8–9].

Despite Defendants' knowledge of the claim asserted by Consolidated, they did not resolve this matter, and they did not defend and hold Plaintiff harmless from liabilities and losses associated with the claim—as required by the Agreement. [*Id.* at 10]. Further, Defendant Tinin Contracting represented to Plaintiff that a check made payable to Consolidated would be applied to the payment bond claim at issue, while the payment was actually applied to an amount owed to Consolidated for a different project. [*Id.* at 8]. Ultimately, after a reduction, Plaintiff paid Consolidated $108,489.65 to resolve the payment bond claim. [*Id.* at 9]. On May 4, 2017, Plaintiff formally demanded that Defendants indemnify it as required by the Agreement. [*Id.* at 10].

Plaintiff filed a complaint with this Court on August 3, 2017, alleging breach of the Agreement due to Defendants' failure to defend, indemnify, and hold Plaintiff harmless from and against all demands, claims, loss, costs, damages, expenses, and fees which Plaintiff incurred by reason of the execution of the bond. [*Id.* at 11]. Plaintiff also alleged a count of equitable indemnity against Tinin Contracting due to the breach of the Agreement. [*Id.*]. In their Motions for Default Judgment, each supported by the affidavit of Greg Daily, Director of Bond Claims,

Plaintiff seeks a judgment against Defendants for $114,998.86, plus post-judgment interest and costs for this action [Docs. 20–22].

The Complaint and a copy of the Summons were served on Defendants Tinin Contracting, Rocky Point Rock Quarry, Inc., and James Tinin on December 5, 2017. [Docs. 7–9]. No Defendant responded to the Complaint within the time allowed by the Federal Rules of Civil Procedure. After Plaintiff failed to follow the schedule set forth in the Court's Case Management Order [Doc. 10], the Court issued a Show Cause Order [Doc. 11] directing Plaintiff to show cause as to why it's case should not be dismissed. Plaintiff responded that it had entered into a settlement agreement with Defendants, but Defendants had materially breached the settlement agreement and Plaintiff intended to proceed with it's case. [Doc. 12 p. 1].

On May 3, 2018, Plaintiff filed a Request for Entry of Default against Defendants. [Docs. 13–15]. The Clerk subsequently entered an Entry of Default against Defendants on the same day. [Docs. 17–19]. Thereafter, on June 12, 2018, Plaintiff filed the present Motions for Default Judgment against Defendants [Docs. 20, 21, 22], which were referred [Doc. 23] to the undersigned for report and recommendation. Defendants failed to file a timely response to the Motion for Entry of Default Judgment, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1.

On August 21, 2018, the Court held a show cause hearing giving Defendants an opportunity to show cause as to why a default judgment should not be entered against them. [Doc. 25]. Attorney Jarrod Stone appeared before the Court, telephonically, on behalf of Plaintiff, but neither Defendants, nor any counsel on their behalf, appeared for the hearing. [*Id.*]. Attorney Stone stated that Plaintiff is seeking a total judgment of $114,998.96, plus post-judgment interest and costs for this action. [*Id.*].

3

## II.     ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Following the entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment.  Fed. R. Civ. P. 55(b).  "Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true."  *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

In this case, there is no dispute that the Clerk has entered a default in accordance with Rule 55 [Docs. 17–19], and that Plaintiff has moved for entry of default judgment [Docs. 20–22]. Taking as true the allegations in the Complaint [Doc. 1], the Court **INCORPORATES BY REFERENCE** the allegations as set forth by Plaintiff.  The Court accepts all such allegations, and specifically, the Court **FINDS**, based upon the entry of default, that Defendants have breached the Agreement by failing to defend, indemnify, and hold Plaintiff harmless from and against all demands, claims, loss, costs, damages, expenses, and fees which Plaintiff incurred by reason of the execution of the bond.  Accordingly, the Court **RECOMMENDS** that a default judgment in the amount of $114,998.96, which represents Plaintiff's total claim, plus the costs of this action and post-judgment interest, be entered in Plaintiff's favor.

### III. CONCLUSION

Based on the foregoing and taking all well-pleaded allegations in the Complaint as true, the undersigned **RECOMMENDS**[1] that:

1. Plaintiff's Motions for Entry of Default Judgment [**Docs. 20, 21, 22**] be **GRANTED**;

2. Defendant be **ADJUDGED** responsible for breaching the Agreement; and

3. That judgment in the total amount of $114,998.96, plus post-judgment interest and costs of this action, be awarded to Plaintiff.

The Clerk of Court is **DIRECTED** to send Defendants a copy of this Report and Recommendation at the address provided in Plaintiff's Motions for Default Judgment [Docs. 20, 21, 22].

Respectfully submitted,

*/s/ Bruce Guyton*

United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).